**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SHIQIANG GAO,
*On behalf of himself and on behalf of others similarly situated*,

                                Plaintiff,

                              -against-

A CANAAN SUSHI INC., et al.,

                              Defendants.
------------------------------------------------------------x

18-CV-6442 (GBD)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Shiqiang Gao ("Plaintiff") brings this action on behalf of himself and others similarly situated against Defendants A Canaan Sushi, Inc., Jia Zhuang Wang, and "Jane" Wang (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), alleging, *inter alia*, unpaid wages and overtime compensation. Plaintiff now moves for an order (1) granting conditional collective certification pursuant to 29 U.S.C. § 216(b); (2) requiring Defendants to turn over information for all non-managerial employees employed from July 17, 2015 to present; (3) authorizing the posting and dissemination of a proposed notice; (4) ordering Plaintiff to publish an abbreviated notice of pendency, at Defendants' expense, should Defendants fail to furnish information for non-managerial employees or if more than 20% of the mailed notices are returned as undeliverable with no forwarding address; and (5) tolling the statute of limitations until the expiration of the opt-in period. (ECF 17). For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

## I. Background

### A. Facts Leading to this Suit

Plaintiff worked as a deliveryman for Defendants' restaurant A Canaan Sushi, located at 154 West 29th Street, New York, New York, from about February 25 to August 15, 2016. Complaint ("Compl.") (ECF 1) ¶ 27. Plaintiff alleges that he worked six days a week: 11.5 hours per day from Monday - Wednesday and Friday - Saturday, and 6 hours per day on Sundays. Declaration of Shiqiang Gao ("Gao Decl.") (ECF 18-5) ¶ 4.[1] Plaintiff alleges that throughout his time of employment, he was not paid an FLSA overtime premium or NYLL spread of hours pay, but instead was paid a flat rate of $1,000 per month in cash. Compl. ¶¶ 32, 34. In addition, Plaintiff alleges that he was not provided the proper wage statements in Chinese, Plaintiff's native language, and was never told that tips were being credited toward his wages. Compl. ¶¶ 35, 38.[2]

Plaintiff filed this action on July 17, 2018. (ECF 1). After mediation between the parties was unsuccessful, Plaintiff moved for conditional certification as a collective action. (ECF 17).

### B. Guo v. Canaan Sushi (No. 18-CV-4147 (S.D.N.Y.))

On May 9, 2018, Jianshe Guo,[3] a former deliveryman with Defendants from November 2016 to December 2017, brought suit against A Canaan Sushi, Inc. and Jia Zhuang Wang for,

---

[1] In the complaint, Plaintiff alleges that he worked an additional half hour for 2-3 days of the week. Compl. ¶ 29. That fact was omitted in Plaintiff's more recently-filed declaration.

[2] Plaintiff also alleges that he was forced to pay for his own bicycle, Compl. ¶ 41, but Plaintiff does not include that as a claim to be included within the proposed FLSA collective action.

[3] Mr. Guo is not a named party in the instant suit.

*inter alia*, violations of the FLSA and NYLL for failure to pay minimum wage and proper overtime compensation. *Guo*, No. 18-cv-4147, ECF 9. Similar to Plaintiff in the instant suit, Jianshe Guo alleged that he was paid a flat rate of $1,000 per month despite working approximately 66 hours per week. *Id.*, ECF 9 ¶ 22. Jianshe Guo was represented by both Hui Chen and Troy Law, PLLC.[4]

After the defendants' counsel withdrew,[5] Judge Furman set a briefing schedule for Jianshe Guo to file a motion for default judgment. *Id.*, ECF 46. Due to counsel's inability to reach Jianshe Guo, Mr. Guo received multiple extensions to file the motion for default judgment, which was ultimately filed on February 21, 2019. *Id.*, ECF 54. In support of the "motion for entry of default," counsel Hui Chen filed an affidavit signed by Jianshe Guo, dated February 7, 2019, repeating the factual allegations of the complaint, namely that he was never paid an overtime premium but instead was paid a monthly rate of $1,000 for approximately 66 hours/week of work. *Id.*, ECF 54-1.[6] Judge Furman denied the motion, noting that the motion appeared to be a "totally recycled brief," failing to include the proper support and containing non-applicable information copied and pasted from previously-filed documents. *Id.*, Mar. 14, 2019 Tr. (ECF 60) at 2:22-4:15. On April 5, 2019, Judge Furman dismissed the case for failure to prosecute after Jianshe Guo failed to file a revised motion for default judgment. *Id.*, 2019 WL 1507900 (S.D.N.Y. Apr. 5, 2019). Additionally, Plaintiff's counsel (Mr. Chen, Mr. Troy, and Mr. Schweitzer) were

---

[4] Both John Troy and Aaron B. Schweitzer from Troy Law represented Jianshe Guo and are both now counsel of record for Plaintiff in the instant suit.

[5] Defendants are represented by different counsel in the instant suit.

[6] Due to a filing error by Mr. Chen, Jianshe Guo's counsel, the Guo declaration was re-filed on March 13, 2019. *Id.*, ECF 56.

3

held jointly and severally liable for $2,000 as a sanction for failure to adhere to Court deadlines and were warned to mark as related any new suit filed on Mr. Guo's behalf. *Id.*, 2019 WL 1507900, at *5.

### C. Conflicting Affidavits

In the instant suit, Plaintiff attached the February 7, 2019 affidavit of Jianshe Guo from *Guo v. Canaan Sushi* in support of Plaintiff's motion for conditional certification. (ECF 18-6). In their opposition to Plaintiff's motion, Defendants attached a previously-unfiled affidavit signed by Jianshe Guo, dated October 24, 2018, in which Jianshe Guo stated under penalty of perjury that he did not know John Troy, counsel of record for both Jianshe Guo and Plaintiff, and that he had withdrawn any claims against A Canaan Sushi because they did not owe him any back wages. (ECF 26-1). Defendants also submitted an earlier previously-unfiled affidavit signed by Jianshe Guo, dated May 18, 2018, in which Mr. Guo had requested that his FLSA case against A Canaan Sushi be terminated.[7] (ECF 32-1).

On September 13, 2019, the Court held an evidentiary hearing on Plaintiff's motion for conditional certification due to concerns regarding the potentially conflicting affidavits by Jianshe Guo. At the hearing, both parties failed to produce Mr. Guo as a witness. Plaintiff's counsel, Mr. Schweitzer, acknowledged that he had merely downloaded and re-filed the Guo declaration from the docket in *Guo v. Canaan Sushi* and that his firm has not had contact with Jianshe Guo since their involvement with him in a previous unrelated case in 2017. Sept. 13, 2019 Tr. at 3:12-17; 3:23-4:1. Although Troy Law had been listed as counsel of record for

---

[7] The May 18, 2018 affidavit was notarized by Zhen Liang Li, who is counsel for Defendants in the instant suit.

4

Jianshe Guo, Mr. Schweitzer admitted that co-counsel Hui Chen handled all communication with Jianshe Guo, and that Troy Law's involvement in that case was limited to attending conferences. *Id*. at 4:9-18. Jianshe Guo's former counsel, Hui Chen, was also present at the evidentiary hearing and explained that although he had seen the 2018 Guo affidavits requesting termination of the case, Jianshe Guo later told him that his boss had induced him to sign the affidavits in return for additional pay. *Id*. at 7:2-4. Rather than dismiss Mr. Guo's case, however, Mr. Chen continued the litigation and as cited above, filed an affidavit from Jianshe Guo on February 21, 2019 in support of a motion for default judgment.[8]

Notwithstanding issues with Jianshe Guo's declaration, Mr. Schweitzer argued, Plaintiff's declaration should be sufficient by itself to merit conditional certification. Defendants, in turn, argued that the inconsistent affidavits rendered Jianshe Guo's declaration not credible, and that as a result, Plaintiff's declaration had no corroboration. Plaintiff was given an additional 14 days after the hearing to submit a reply brief, but to date, none has been filed.

## II.     Motion for Conditional Certification

### A.     Legal Standard

The FLSA allows an employee to bring an action against an employer on behalf of themselves and other employees similarly situated. *See* 29 U.S.C. § 216(b). Where a plaintiff seeks to bring a claim on behalf of similarly situated employees, courts have discretion to

---

[8] It is unclear how or why Jianshe Guo changed his mind and signed the February 7, 2019 affidavit in furtherance of his suit against A Canaan Sushi after previously stating in an affidavit that Defendants did not owe him any unpaid wages. Although Mr. Hui Chen stated at the hearing that Jianshe Guo signed the February 2019 affidavit after Mr. Chen made numerous attempts to reach him, Mr. Chen did not say why Mr. Guo was now amenable to continuing his lawsuit against Defendants.

5

implement section 216(b) "'by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). Collective certification under the FLSA involves two steps: (1) determining whether there exist individuals similarly situated to the named plaintiff who have also been the victim of FLSA violations such that notice of the suit should be circulated and (2) after providing notice to potential class members, determining whether any new plaintiffs who opted-in to the suit are in fact "similarly situated" to the named plaintiff. *See id*. at 555.

At the first stage of collective certification, the Court requires only a "modest factual showing that [the named plaintiffs] and others together were victims of a common policy or plan that violated the law." *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016). "[T]he court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (quoting *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)). Instead, the Court just looks to the pleadings and submitted affidavits to determine whether there are other potential class members who are similarly situated to the named plaintiff(s). *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015). Although this is a fairly low evidentiary standard, the plaintiff cannot merely rely on "unsupported assertions." *See Myers*, 624 F.3d at 555; *see also Morales v. Plantworks, Inc.*, No. 05-CV-2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (finding insufficient "conclusory allegation" in complaint that employees are similarly situated).

B. **Analysis**

Even without considering the competing Jianshe Guo declarations,[9] Plaintiff's declaration is sufficient to grant conditional certification. "Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases). Although Defendants focused solely on the inconsistencies with the Jianshe Guo declarations, Defendants have not offered any reason why *Plaintiff's* declaration fails to show that there exist other employees who are similarly situated to Plaintiff.

Plaintiff alleges that other delivery workers worked the same hours as he did and received the same $1,000 monthly wage. Gao Decl. ¶ 22. Plaintiff even identifies the other six deliverymen by name, age, and city of origin. *Id*. ¶¶ 26-36. Plaintiff further notes that he knows of their wages because he befriended them and spoke to them about their wages. *Id*. ¶¶ 20, 38-40. Similarly, Plaintiff identifies the two waitresses who worked with him and provides their specific pay and number of hours worked. *Id*. ¶¶ 52-58. Although the two waitresses did not work overtime, their wages were below minimum wage, $20-30 for four to seven hours of work, without receiving any notice about a tip credit. *See id*. ¶¶ 53-54, 58. In contrast, Plaintiff does not indicate the pay, hours worked, or whether tip credit notices were given, for kitchen

---

[9] The Court notes its concern about the contradicting affidavits by Jianshe Guo, in which he first says that Defendants did not owe him any back wages or overtime compensation, ECF 26-1 ¶ 3, and then reverses course and files an affidavit saying that he was never paid by Defendants for his overtime work, ECF 18-6 ¶¶ 9-11. This is especially concerning when it appears that Jianshe Guo only signed the conflicting affidavits after speaking to his boss and his counsel respectively, one or both of whom may have exerted pressure to sign the affidavit. That issue, however, is not before this Court.

staff or other employees of the restaurant. As a result, there is no factual basis to conclude that Defendants' employees other than the delivery workers and wait staff are owed unpaid wages. **Accordingly, the Court will only grant conditional certification for Defendants' delivery workers and wait staff.**

III. **Notice of Pendency**

    A. **Language of the Notice**

Plaintiff requests that the proposed notice be sent to all non-managerial and non-exempt employees employed by Defendants from July 17, 2015 through the present. (ECF 18-3). The statute of limitations for FLSA claims can extend to three years if there is a "willful violation." *See* 29 U.S.C. § 255. Because Plaintiff has alleged willful violations, as supported by Plaintiff's declaration, the notice period may be three years prior to the commencement of this suit, here July 17, 2015. As discussed above, however, the Court will only conditionally certify a class of delivery workers and wait staff. Plaintiff shall revise the scope of the notice accordingly.

Although Defendants do not raise any issue with the language in Plaintiff's proposed notice, the Court will require some changes. The notice should include contact information for defense counsel. *See Slamna v. API Restaurant Corp.*, No. 12-CV-757 (RW), 2013 WL 3340290, at *5 (S.D.N.Y. July 2, 2013) ("Courts in this Circuit have generally concluded that such information is appropriate for inclusion in a notice of collective action"). The reference to NYLL claims on page 1 should be omitted to avoid confusion about the nature of the collective action. *See Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016). Additionally, Section 12 on page 4 should be corrected to state that the notice was approved by Magistrate Judge Ona T. Wang, not "Magistrate Judge George B. Daniels." As requested by

Plaintiff, the notice shall be translated into Chinese and Thai to accommodate the non-English speaking workers. *See Lijun Geng v. Shu Han Ju Restaurant II Corp.*, No. 18-CV-12220 (PAE) (RWL), 2019 WL 4493429, at 19 (S.D.N.Y. Sept. 9, 2019) (noting translation requests for notices are "commonly granted").

The parties shall meet and confer on the language of the proposed notice. Plaintiff shall file the revised proposed notice by December 17, 2019. If Defendants still have objections to the notice's language after meeting and conferring with Plaintiff, they may file objections by December 20, 2019. Following the Court's approval of the notice, Plaintiff may begin distributing the notice to members of the conditionally certified class.

### B. <u>Distribution of Notice</u>

Plaintiff requests that the notice be permitted to be distributed via mail, email, text message, and social media. (ECF 17). This is appropriate where, as here, "the nature of the employer's business facilitated a high turnover rate among employees." *See Vasto v. Credico (USA) LLC*, No. 15-CV-9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016).

Plaintiff further requests that Defendants post the notice at the restaurant "in a conspicuous and unobstructed location[]" throughout the opt-in period. (ECF 17). That request is also granted, as "[c]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011). Defendants shall post copies in English, Chinese, and Thai.

9

### C. Alternative Publication

The Court denies as premature Plaintiff's request to require Defendants to pay for publication of an abbreviated notice if a certain number of notices are returned as undeliverable or if Defendants fail to produce the required information of potential plaintiffs. (ECF 17).

### IV. Equitable Tolling

In the event that conditional certification is granted, Plaintiff requests that the statute of limitations be tolled until the expiration of the opt-in period. (ECF 19 at 16). The reason for this is that the statute of limitations for a potential opt-in plaintiff continues to run "until that plaintiff files the written consent opting into the suit." *Whitehorn*, 767 F. Supp. 2d at 449. Equitable tolling is appropriate where the plaintiff shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Here, Plaintiff has not raised any "extraordinary circumstance" that warrants equitable tolling and has not presented any time-barred potential plaintiff. Instead, Plaintiff merely offers the claim that "[u]nnecessary delays" are generally an issue in FLSA cases. (ECF 19 at 16). Accordingly, the Court denies the request for equitable tolling at this time.

### V. Production of Employee Information

Plaintiff requests that Defendants produce an "Excel spreadsheet" containing the names, last known addresses, last known telephone numbers, last known email addresses, and last known WeChat, WhatsApp, or Facebook user names of all the potential opt-in plaintiffs, as well as their work location, dates of employment, and job title. (ECF 17). Courts routinely order

production of contact information for potential opt-in plaintiffs. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016). Accordingly, Defendants shall provide such information, in electronic format if practicable, for the delivery workers and wait staff employed at any time by Defendants at A Canaan Sushi from July 17, 2015 through present.

## VI. Conclusion

For the foregoing reasons, Plaintiff's motion for conditional certification is GRANTED in part, as set forth above. After meeting and conferring with Defendants, Plaintiff shall submit his revised proposed notice by **December 17, 2019**. By **January 7, 2020**, Defendants shall produce to Plaintiff the contact and employment information, as outlined above, for all delivery workers and wait staff employed by Defendants since July 17, 2015.

The Clerk of Court is directed to close ECF 17.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: December 10, 2019                                                      **Ona T. Wang**
    New York, New York                                         United States Magistrate Judge