**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
SHIQIANG GAO,                                        :
                Plaintiff,   :
                              :      18-CV-6442 (GBD)
      -against-              :
                              :      **ORDER**
A CANAAN SUSHI INC., et al.,                :
                Defendants.  :
                              :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of parties' status letter, dated May 19, 2020. (ECF 51). The letter states that Riccy Wanata is a shareholder and employee of A Canaan Sushi Inc. and is responsible for maintaining the corporate records for A Canaan Sushi Inc. (ECF 51 at 2). Plaintiff seeks to amend the complaint and add Winata as a defendant. The request is DENIED as premature.

The parties' disagreement about Wanata and the documents in Wanata's possession should be resolved without court intervention. Plaintiff and Defendants are directed to meet and confer and submit a **joint status letter by June 12, 2020** regarding the information sought from Wanata and the steps taken or to be taken to obtain that information.

Defendants are reminded that if they have legal possession, custody, or control of Wanata's documents, they must produce those documents to Plaintiff. *See Chevron Corp. v. Salazar*, 275 F.R.D. 437, 448 (S.D.N.Y. 2011) ("Courts have repeatedly found that employers have control over their employees and can be required to produce documents in their employees' possession."); *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) ("Under

Rule 34, 'control' does not require that the party have legal ownership or actual physical possession of the documents; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.") (internal quotations omitted). Plaintiff is reminded that if Defendants do not have legal possession, custody, or control of Wanata's document, Plaintiff can serve a Rule 45 subpoena on Wanata. *See* Fed. R. Civ. P. Rule 45.

The parties are warned again that failure to cooperate in discovery may result in the apportioning of costs under Federal Rules of Civil Procedure 16 and 37(a)(5)(A)-(C) and/or the Court's inherent authority.

**SO ORDERED.**

Dated: June 3, 2020
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge