UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIQIANG GAO,                                   Case No: 18-cv-06442
                          Plaintiff,
            v.                                  ~~~~~~~~~JUDGMENT

A CANAAN SUSHI INC.
   d/b/a Canaan Sushi;
JIA ZHUANG WANG, and
"JANE" WANG
                          Defendants.
------------------------------------------------------------X

The Honorable George B. Daniels, District Judge:

  Whereas pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, Defendants A CANAAN SUSHI INC. d/b/a Canaan Sushi and JIA ZHUANG WANG having offered to allow judgment be taken against them by consent Plaintiff SHIQIANG GAO, in this action for a sum of **Ten Thousand Dollars ($10,000.00)** including all attorneys' fees and costs now accrued; the offer of judgment is made for purposes specified in Rule 68, and is not to be construed as an admission that the offerors are liable in this action or that consent Plaintiff SHIQIANG GAO suffered any damage; Plaintiffs SHIQIANG GAO, through Tiffany Troy, Troy Law PLLC, on having accepted and provided notice that he has accepted Defendants' Offer of Judgment, dated February 14, 2025, and the matter having come before this Court, the Court now render it Order, that the Clerk should enter judgment dismissing the case in accordance with the acceptance of offer of judgment pursuant to Fed. R. Civ. P. 68 and directing the Clerk to close this case. It is hereby:

  **ORDERED, ADJUDGED, AND DECREED**, that for the reasons stated in the offer and acceptance of judgment pursuant to Rule 6, the Clerk shall enter judgment in the amount of **Ten Thousand Dollars ($10,000.00)**, jointly and severally against Defendants CANAAN SUSHI INC. d/b/a Canaan Sushi and JIA ZHUANG WANG , including attorney's fees and costs now accrued; plus post-judgment interest pursuant to 28 U.S.C. 1961; and that if any amounts remain unpaid upon the expiration of 90 days following the issuance of judgment, or ninety days after expiration of the time of appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL 198(4);

**ORDERED, ADJUDGED, AND DECREED**, that Defendants shall make payments toward the Judgment Amount according to the following installment schedule:

**Installment 1.** Five Thousand Dollars ($5,000.00) by certified check to Troy Law, PLLC as attorneys for deposit into Troy Law, PLLC's escrow account on or before March 14, 2025;

**Installment 2.** Five Thousand dollars ($5,000.00) by certified check to Troy Law, PLLC as attorneys for deposit into Troy Law, PLLC's escrow account on or before April 14, 2025;

**ORDERED, ADJUDGED, AND DECREED**, that If Defendants fail to pay any of the above installments by their due dates, post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date of entry of judgment. If Defendants fail to pay any of the above installments by their due dates, Plaintiff shall notify Defendants of their default and Defendants shall have seven (7) days from the date of notice to cure the default. If Defendants fail to cure the default within seven (7) days of notice, two times (2x) the total unpaid Judgment Amount, plus fifteen percent (15%) of two times (2x) the unpaid Judgment Amount pursuant to N.Y. Lab. L. § 198.4, shall immediately come due and Plaintiff shall have the right to seek payment of two times (2x) the total unpaid Judgment Amount, plus fifteen percent (15%) of two times (2x) the unpaid Judgment Amount in any court of competent jurisdiction. Defendants shall be liable for all reasonable attorney fees, costs, or disbursements incurred by Plaintiff in such an enforcement action.

Dated: FEB 1 9 2025

_____
The Hon. George B. Daniels, U.S.D.J.